IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | |
|---|---|
| NARY RUFFIN, | * |
| Plaintiff, | * |
| vs. | *   CV-2009-527 |
| PORTFOLIO RECOVERY ASSOCIATES, LLC and MERCHANTS CREDIT GUIDE, CO. | * |
| Defendants. | * |

## COMPLAINT

COMES NOW the Plaintiff, Nary Ruffin, (hereafter "Plaintiff") by counsel, and for his complaint against the Defendant, alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"). All of Plaintiff's claims arise from the collection activities by Defendants with respect to a consumer debt which Defendants knew or should have known was previously discharged in bankruptcy or otherwise unenforceable. Both Defendants have also failed to provide disclosures required under the FDCPA.

### JURISDICTION

2. This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d) and 28 U.S.C. 1367. This court has pendant jurisdiction over the state law claims asserted herein.

### PARTIES

3. Plaintiff is a natural person and resident of Mobile County, Alabama.

4. Defendant Portfolio Recovery Associates, LLC ("Portfolio"), is a corporation which

is, upon information and belief, incorporated under the laws of the State of Delaware and has its principal place of business in the State of Virginia. For all relevant times, Portfolio was engaged in business within the State of Alabama, including the collection of debts. Portfolio is regularly engaged in the practice of debt collection.

5. Defendant Merchants Credit Guide ("Merchants"), is a corporation which is, upon information and belief, incorporated under the laws of the State of Illinois and has its principal place of business in the State of Illinois. For all relevant times, Merchants was engaged in business within the State of Alabama, including the collection of debts. Merchants is regularly engaged in the practice of debt collection.

## FACTS

6. Plaintiff lives and works in Lisman, Alabama. In 1999, Plaintiff lost her job when Bailey Creation, a sewing factory, she worked in for 13 years closed. The financial difficulties created by the job loss forced Plaintiff to file Chapter 7 bankruptcy. The bankruptcy was filed in the Southern District of Alabama, Case No. 06-16932. The petition was filed on October 14, 2005 and the final Discharge Order was issued on February 7, 2006. At the time the petition was filed, Plaintiff's credit accounts included a credit card account with Sears. All of Plaintiff's unsecured debt, including this account, was completely discharged through the bankruptcy.

7. Sears credit card debt was at some point to Defendant Portfolio for collection. The debt was specifically listed one Plaintiff's Chapter 7 bankruptcy petition and Portfolio at all relevant times knew or should have known that the debt was discharged.

8. Beginning in December 2008, Plaintiff began to receive repeated collection calls from Portfolio regarding the Sears debt. During a call on or about December 18, 2008, Plaintiff explained

that she had filed bankruptcy in 2005. The collector acknowledged that Portfolio's system showed that she was represented by bankruptcy attorney Arthur Clarke. The collector gathered some additional information from Plaintiff and then said that the account would be referred to Portfolio's "bankruptcy department." However, Portfolio continued to make collection calls to Plaintiff throughout the month of January 2009, insisting that she owed the Sears debt and demanding that she make payment arrangements.

9. At no time did Portfolio provide any written notice with regard to its collection accounts, including the notices required by Section 1692g.

10. Also beginning in December 2008, Plaintiff began receiving collection calls from Merchants. These calls were made in an attempt to collect a debt which was discharged in the bankruptcy.

11. At no time did Merchants provide any written notice with regard to its collection accounts, including the notices required by Section 1692g.

12. In addition to being discharged in bankruptcy, the statute of limitations applicable to any collection action regarding the subject accounts has long since expired.

## COUNT ONE
### (Fair Debt Collections Practices Act Violations by Portfolio)

13. Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

14. This is a claim asserted against Portfolio for multiple violations of the federal Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

15. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

16. Defendant Portfolio is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

17. Defendant Portfolio has violated the FDCPA in connection with its attempts to collect a debt against Plaintiff. Defendant's violations include, but are not limited to, the following:

    a. Attempting to collect amounts which are not authorized by any contract or permitted by law. This is a violation of 15 U.S.C. § 1692f(1).

    b. Making repeated attempts to collect upon a debt without notifying Plaintiff that she has the right to dispute the validity of the debt and the right to request written verification of the debt as required by 15 U.S.C. § 1692g(a); and

    c. Making attempts to collect a debt which Defendant knew or should have known was barred by the applicable statutes of limitation. This is a violation of 15 U.S.C. § 1692f, 1692e(2)(A) & (10);

    d. Directly contacting Plaintiff in an attempt to collect a debt after being informed that Plaintiff was represented by an attorney. This is a violation of 15 U.S.C. § 1692c(a)(2).

18. Some or all of the actions taken by Defendant in violation of the FDCPA occurred within one year of the filing prior to this action.

19. As a proximate result of Defendant's violations of the FDCPA, Plaintiff has suffered actual damages, including mental and emotional pain, distress and anguish, humiliation and embarrassment, as well as damages to his credit and reputation.

20. As a result of its violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory

damages, plus costs and attorney's fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant Portfolio for the following:

    A.    Actual damages, including damages for mental and emotional pain, distress and anguish, humiliation and embarrassment;

    B.    Statutory damages pursuant to 15 U.S.C. 1692k;

    C.    Declaratory judgment that Defendant's conduct violated the FDCPA;

    D.    Costs and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k; and

    E.    Such other and further relief as this Court deems just and proper, the premises considered.

## COUNT TWO
### (Fair Debt Collections Practices Act Violations by Merchants)

21. Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

22. This is a claim asserted against Merchants for multiple violations of the federal Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

23. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

24. Defendant Merchants is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

25. Defendant Merchants has violated the FDCPA in connection with its attempts to collect a debt against Plaintiff. Defendant's violations include, but are not limited to, the following:

    a.    Attempting to collect amounts which are not authorized by any contract or permitted

by law. This is a violation of 15 U.S.C. § 1692f(1).

    b.    Making repeated attempts to collect upon a debt without notifying Plaintiff that she has the right to dispute the validity of the debt and the right to request written verification of the debt as required by 15 U.S.C. § 1692g(a); and

    c.    Making attempts to collect a debt which Defendant knew or should have known was barred by the applicable statutes of limitation. This is a violation of 15 U.S.C. § 1692f, 1692e(2)(A) & (10).

26. Some or all of the actions taken by Defendant in violation of the FDCPA occurred within one year of the filing prior to this action.

27. As a proximate result of Defendant's violations of the FDCPA, Plaintiff has suffered actual damages, including mental and emotional pain, distress and anguish, humiliation and embarrassment, as well as damages to his credit and reputation.

28. As a result of its violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, plus costs and attorney's fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant Merchants for the following:

    A.    Actual damages, including damages for mental and emotional pain, distress and anguish, humiliation and embarrassment;

    B.    Statutory damages pursuant to 15 U.S.C. 1692k;

    C.    Declaratory judgment that Defendant's conduct violated the FDCPA;

    D.    Costs and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k; and

E. Such other and further relief as this Court deems just and proper, the premises considered.

**TRIAL BY JURY IS DEMANDED.**

_____
KENNETH J. RIEMER (RIEMK8712)
Attorney for Plaintiff
Post Office Box 1206
Mobile, Alabama 36633
Telephone: (251) 432-9212
Fax Number: (251) 433-7172
E-mail: kjr@alaconsumerlaw.com

**PLEASE SERVE DEFENDANT AT THE FOLLOWING ADDRESSES:**

Portfolio Recovery Associates, LLC
c/o National Registered Agents
150 South Perry Street
Montgomery, AL 36104

Merchants Credit Guide Company
The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109